**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GUILLERMO TORRES-ACEVEDO,**

                    **Plaintiff,**        **9:21-cv-52 (GLS/ATB)**

           v.

**C.O. BLAIR,**

                    **Defendant.**
_____

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Guillermo Torres-Acevedo
Plaintiff, *Pro Se*
20-B-0756
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

**FOR THE DEFENDANT:**
HON. LETITIA JAMES           BRENDA T. BADDAM
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe**
**Senior District Judge**

## DECISION AND ORDER

    The court cannot locate *pro se* plaintiff Guillermo Torres-Acevedo.

Accordingly, it considers *sua sponte* plaintiff's noncompliance with this District's Local Rules by failing to notify the court of his current address and by not prosecuting his action.

On January 15, 2021, plaintiff filed a prisoner civil rights complaint with this court. (Dkt. No. 1.) On March 15, 2021, Magistrate Judge Andrew T. Baxter issued an order granting plaintiff's informa pauperis application and directing a response to the complaint. (Dkt. No. 7.) Within that order, plaintiff was warned that he was required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in dismissal of his action. (*Id.*) This District has expended considerable effort in order to familiarize pro se litigants with the Local Rules of Practice by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible on the court's website. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule 10.1(c)(2) provides:

> **[P]ro se litigants must immediately notify the Court of any change of address.** Parties must file the notice of change of address with the Clerk and

2

>serve the same on all other parties to the action. The notice must identify each and every action to which the notice shall apply.

In turn, Local Rule 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."

Local Rule 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *see also Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

On October 15, 2021, Magistrate Judge Baxter issued a Report-Recommendation. (Dkt. No. 20.) Plaintiff's copy was mailed to his last known address, but was marked return to sender, not deliverable as addressed, unable to forward, and released. (Dkt. No. 21.) The court utilized New York State Department of Corrections and Community Supervision Inmate Lookup website to determine that plaintiff was released from custody on July 7, 2021. See NYS DOCCS Inmate Lookup, http://nysdoccslookup.doccs.ny.gov(last visited Oct. 27. 2021).

For the orderly disposition of cases, it is essential that litigants honor

3

their continuing obligation to keep the court informed of address changes. *See Michaud v. Williams*, No. 98CV1141LEKGLS, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998)).

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985)).

As a matter of course, courts in this District have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner*, No. 95-CV-741, 1998 WL 278288, at *1 (N.D.N.Y. May 20, 1998); *Fenza*, 177 F.R.D. at 126; *Dansby*, 1996 WL 172699.

4

Although the court concludes that it would be an appropriate exercise of discretion to dismiss plaintiff's action at this juncture for failure to notify the court of his address change or to prosecute his action, it nonetheless affords plaintiff additional time, until November 10, 2021, to comply with this Order.

Accordingly, it is hereby

**ORDERED** that plaintiff is granted until November 10, 2021 to submit his current address to the court, or verify that his mailing address is as listed in the caption of this order and file any objections to Magistrate Judge Baxter's Report-Recommendation, (Dkt. No. 20); and it is further

**ORDERED** that, if plaintiff fails to comply, the court will *sua sponte* dismiss this action for failure to notify the court of his address change, for failure to prosecute, and failure to comply with this Order; and it is further

**ORDERED** that the Clerk serve this Decision and Order on the plaintiff at his last know address and on all other parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

October 27, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge

5